**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BLAIR C. WEBB,**

       **Plaintiff,**     **CIVIL ACTION NO. 11-CV-12830**

 vs.

                          **DISTRICT JUDGE VICTORIA A. ROBERTS**

**CITY OF FLINT, et al.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant City of Flint (docket no. 20) be **GRANTED**.

**II.   REPORT:**

This is a *pro se* civil rights action filed by Plaintiff Blair Webb pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint raises claims of unreasonable search and seizure and excessive force under the Fourth Amendment, and allegations of a cover up in violation of Plaintiff's First Amendment right to petition the government for redress of grievances. (Docket no. 11). Before the Court is a Motion to Dismiss filed by Defendant City of Flint. (Docket no. 20). Plaintiff filed a response to the motion. (Docket no. 22). All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.   Standard of Review**

Defendant City of Flint moves to dismiss Plaintiff's claims against it pursuant to Federal

Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted challenges the legal sufficiency of a complaint. In considering this motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss the complaint must contain "direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted).

**B.     Analysis**

Defendant argues that it is entitled to dismissal of Plaintiff's claims against it because Plaintiff's amended complaint fails to state any material allegations with respect to the City of Flint. To establish liability against the City of Flint, Plaintiff must allege that the City engaged in a policy or custom that was the moving force behind the deprivation of a constitutionally protected right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). It is a well-settled rule that municipal liability under § 1983 must be premised upon active unconstitutional behavior and not upon a vicarious liability or *respondeat superior* theory. *Id.* at 691.

On September 29, 2011, in response to Defendant City of Flint's motion to strike or for a more definite statement, the Court entered an order directing Plaintiff to file an amended complaint clarifying the claims asserted against each Defendant. (Docket no. 9). Specifically, the Court ordered Plaintiff to file an amended complaint by October 13, 2011 that contains separate causes of action and specific allegations against each Defendant, including names, dates, and places with respect to each allegation. (Docket no. 9). Plaintiff filed an amended complaint on October 9, 2011,

containing separate paragraphs describing two incidents for which he claims relief.  The amended complaint does not state a single allegation against the City of Flint.  (Docket no. 11).  Plaintiff has failed to set forth any allegations of fact sufficient to state a plausible claim for municipal liability against the City of Flint.  Accordingly, this Court recommends that Defendant City of Flint's Motion to Dismiss be granted.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

3

Dated: June 15, 2012                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Blair C. Webb and Counsel of record on this date.

Dated: June 15, 2012                s/ Lisa C. Bartlett
                                    Case Manager