UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAIR WEBB,

      Plaintiff,

vs                                  Case No: 11-12830
                                       Honorable Victoria A. Roberts

CITY OF FLINT, ET AL,

      Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Before the Court is Defendant City of Flint's Motion to Dismiss. (Doc. #20).

Magistrate Judge Mona K. Majzoub recommends that Defendant's Motion to Dismiss be

**GRANTED**. Plaintiff filed a response with objections to the Magistrate Judge's Report

and Recommendation. (Doc. #32). Plaintiff's objections are without merit. The Court

**ADOPTS** the R & R and **GRANTS** Defendant's Motion to Dismiss.

**II.    BACKGROUND INFORMATION**

Plaintiff Blair Webb filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

On October 6, 2011, in an amended complaint, Plaintiff alleged that Defendants

engaged in an unreasonable search and seizure and used excessive force in violation

of the Fourth Amendment, and "tried to cover up the incident and smother the Plaintiff's

attempt to pursue justice." (Doc. 11, at 2-3). On December 12, 2011, Defendant City of

1

Flint filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (Doc. #20), and Plaintiff filed a response on January 18, 2012 (Doc.#22.). On June 15, 2012, Magistrate Judge Majzoub granted Defendant's motion; Plaintiff filed timely objections.

## III.   MAGISTRATE JUDGE REPORT AND RECOMMENDATION

Defendant argues that Plaintiff's claims should be dismissed because the complaint does not state any material allegations against the City of Flint. Magistrate Judge Majzoub clearly explains that in order to establish liability against the City of Flint, "Plaintiff must allege that the City engaged in a policy or custom that was the moving force behind the deprivation of a constitutionally protected right." (Doc. 31, at 2). The Magistrate Judge cites *Monell*, which states,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Magistrate Judge decided that the Plaintiff's amended complaint did not "state a single allegation" against the City of Flint. (Doc. 31, at 3). Accordingly, the Magistrate Judge recommends that the Defendant's motion to dismiss be granted, based on Plaintiff's failure to set forth any allegations of fact sufficient to state a claim for municipal liability against the City of Flint. *Id*.

## IV.   PLAINTIFF'S OBJECTIONS

Plaintiff filed a response to the R & R. (Doc. 32). The Magistrate Judge

articulated that any objections to the R & R must be labeled as "Objection #1," and

"Objection #2," and must "*precisely*" recite the part of the R & R to which it pertains. *Id.*

at 3. Plaintiff followed the Magistrate Judge's instructions and included "objections" in

his response, although based on the content of the objections, the Court interprets

Plaintiff's response as a second amended complaint.

      Plaintiff makes two main amendments in his response. First, Plaintiff provides

more specific allegations against the City of Flint and argues that the claims should

survive the 12(b)(6) standard. Second, Plaintiff argues that he can prove "direct or

inferential allegations" against all the defendants, using "direct and liable evidence" to

prove the guilt of numerous individuals hired by the City of Flint. *Id.* Only Plaintiff's first

objection is relevant, although both arguments are meritless.

      In response to the *Monell* standard explained in the R & R, Plaintiff says that the

"specific custom or policy" that the City of Flint used to violate his civil rights is

"maintaining a corrupt police force," referring to the Flint Area Narcotics Group

("FANG"). *Id.* at 2. Plaintiff says he "would charge" Defendant with violating his "right to

due process," and with "obstruction of justice." In explaining further how the City violated

his civil rights, Plaintiff alleges that Defendant "failed to investigate" his complaint,"

"sought to cover up the misbehavior" of officers, and "conspired to derail" Plaintiff's

attempts at justice. *Id* at 3. In sum, Plaintiff alleges a "pattern" of corruption and

conspiracy in the City of Flint. Id.

## V.   ANALYSIS

      Although it appears clear that Plaintiff feels injured by the City of Flint, he still fails

to state a City of Flint "policy or custom" that violates a constitutionally protected right,

as represented by an "official policy."  If Plaintiff could meet the *Monell* standard by simply alleging general conspiracy or corruption claims, it would defeat the legal requirement that plaintiffs must allege a specific policy or custom. The City of Flint does not have an official policy to maintain a corrupt police force, obstruct justice, or any of the other alleged acts described by Plaintiff. Even when the Court treats Plaintiff's response as a second amended complaint, the complaint still fails to state a claim for which relief may be granted. As such, Plaintiff's objection is without merit.

## VI.    CONCLUSION

For the reasons stated, the Court **ADOPTS** Magistrate Judge's R & R and **GRANTS** Defendant's Motion to Dismiss.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 7, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 7, 2012.

S/Linda Vertriest
Deputy Clerk

4