UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BLAIR C. WEBB,

             **Plaintiff,**          **CIVIL ACTION NO. 11-cv-12830**

       **v.**                **DISTRICT JUDGE VICTORIA A. ROBERTS**

**CITY OF FLINT, DON URBAN,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**TODD PILLSBURY, ANTHONY**
**MILLS, AND RODNEY WILLIAMS,**

             **Defendants.**

_____/


## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL [98]

     This is a *pro se* civil rights action filed by Plaintiff Blair C. Webb pursuant to 42 U.S.C. § 1983 on June 30, 2011. Before the Court is Plaintiff's Motion for Appointment of Counsel, filed on September 26, 2014. (Docket no. 98.) All pretrial matters have been referred to the undersigned for action. (Docket no. 10). The undersigned has reviewed the Motion, dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

     Plaintiff filed his first Motion for Appointment of Counsel on June 7, 2012 (docket no. 29), which the Court denied on September 5, 2012 (docket no. 40). Since then, Plaintiff has received the assistance of three different attorneys over the course of this matter. Plaintiff's first attorney, Racine Miller, appeared on behalf of Plaintiff on September 28, 2012. (*See* docket no. 43.) One year later, on September 17, 2013, the Court granted her Motion to Withdraw as Counsel and referred this matter for appointment of pro bono counsel. (Docket no. 65.) Before pro bono counsel could be

appointed, on October 22, 2013, Plaintiff retained attorney Thomas A. Sobecki to represent him in this matter. (Docket no. 66.) Four months later, Plaintiff discharged Mr. Sobecki as his attorney. (*See* docket no. 75.) Plaintiff then retained J. Nicholas Bostic as his counsel in March 2014. (*See* docket nos. 83-85.) The Court granted Mr. Bostic's Motion to Withdraw on September 11, 2014. (Docket no. 92.) Plaintiff now seeks the appointment of pro bono counsel. (Docket no. 98.)

The Constitution of the United States does not require the automatic appointment of counsel for indigents in civil cases. "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). The decision to appoint counsel to indigent civil litigants is a matter left to the discretion of the court. *Lavado*, 992 F.2d at 604-05. To determine whether exceptional circumstances justifying the appointment of counsel exists, courts consider the type of case and the ability of the party to represent himself. *Lanier*, 332 F.3d at 1006.

In support of his argument for appointed counsel, Plaintiff states that he "would like to have new council [sic] so [he doesn't] miss deadlines" and that he doesn't "want to lose [his] rights as this case is so close to being settled." (Docket no. 98 at 2.) Plaintiff has not persuaded the Court that he needs an attorney. Although he has been proceeding *in forma pauperis* since the outset of this case, Plaintiff has demonstrated a financial ability to secure his own counsel, as he admits to paying his previous two attorneys $7,500 and $8,300 respectively. (*Id*. at 1-2.) Moreover, Plaintiff has not shown exceptional circumstances that would warrant appointment of counsel. While the Court is mindful that counsel would be able to provide some assistance to Plaintiff in prosecuting his case, this matter is not particularly complex, and Plaintiff appears to be able to adequately represent

himself, as he did so for the first fifteen months of this litigation.  Therefore, the Court declines to exercise its discretion to appoint counsel.

Should Plaintiff survive the dispositive motion stage and then file another motion for appointment of counsel, the Court will at that time revisit his request.  *Garrison v. Kranz*, No. 10-14259, 2011 WL 3440757, at *2 (E.D. Mich. Aug. 5, 2011) (Ludington, J.)  ("[I]t is the practice of th[e] [c]ourt to defer any attempt to obtain counsel for pro se plaintiffs until after motions to dismiss or motions for summary judgment have been denied.").  In the meantime, Plaintiff is required to abide by all impending deadlines in this matter.  Specifically, by October 11, 2014, Plaintiff must either (1) secure new counsel and inform the Court of the same or (2) advise that he is proceeding *pro se.*  (*See* docket no. 92.)  Additionally, Plaintiff's responses to Defendants' Motions for Summary Judgment (docket nos. 94 and 95) must be filed with the Court by October 17, 2014.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Appointment of Counsel [98] is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen (14) days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 7, 2014                    s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Order was served upon Blair C. Webb and Counsel of Record on this date.


Dated: October 7, 2014                    <u>s/ Lisa C. Bartlett</u>
                                          Case Manager