UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Blair Webb,

       Plaintiff,

vs                                       Case No: 11-12830
                                       Honorable Victoria A. Roberts

Don Urban and Todd Pillsbury,

       Defendants.

_____/

**ORDER:**

**(1)     ADOPTING REPORT AND RECOMMENDATION;**

**(2)     GRANTING DEFENDANT URBAN'S MOTION FOR SUMMARY JUDGMENT (DOC. 94); AND**

**(3)     GRANTING IN PART AND DENYING IN PART DEFENDANT PILLSBURY'S MOTION FOR SUMMARY JUDGMENT. (DOC. 95)**

**I.     INTRODUCTION**

     Defendants Todd Pillsbury and Don Urban filed motions for summary judgment pursuant to F.R.C.P. 56.  Magistrate Judge Majzoub issued a report and recommendation ("R&R") recommending that the Court grant summary judgment to Don Urban. She also recommended summary judgment on all counts except excessive force to Todd Pillsbury.  Webb filed a document (Dkt. 102) which appears to be objections to the Magistrate Judge's report granting summary judgment to Don Urban. However, he did not file anything in opposition to Urban's motion for summary judgment until April 2, 2015. No objections have been filed to the Magistrate Judge's report regarding

1

Pillsbury.

The Court **ADOPTS** the report and recommendation; **GRANTS** Defendant Urban's Motion for Summary Judgment; and **GRANTS IN PART AND DENIES IN PART** Defendant's Pillsbury's Motion for Summary Judgment.

## II.    FACTUAL BACKGROUND

On July 29, 2008 members of the F.A.N.G. (Flint Area Narcotics Group), received an anonymous tip that Plaintiff was growing marijuana in his backyard. F.A.N.G. officers arrived at Plaintiff's home in unmarked cars.  Plaintiff fled to the backyard; officers gave chase.

Plaintiff claims that Todd Pillsbury and three unnamed officers surrounded him with guns drawn and ordered him to the ground.  As he did that, Webb claims that officers jumped on him and began hitting him; when he turned his head to tell the officers to stop, Pillsbury punched him in the mouth and on the back of the head.  Webb admits that Urban did not witness this incident (Dkt. 94-5).

Webb asked to speak to the officer in charge; Urban introduced himself.  Urban ordered Plaintiff to sit against a boat in the yard and not move.  Urban left the backyard at some point, and an officer asked Webb to unlock a shed.  When Urban returned to the yard, he shoved Webb to the ground, unaware that the other officer had asked him to move.  Webb admits that he had no other interaction with Urban.

Plaintiff filed his initial complaint *pro se* on June 30, 2011 against the City of Flint, Todd Pillsbury, Don Urban, Anthony Mills (a city ombudsman) and Rodney Williams (an internal affairs officer).  Plaintiff filed an amended complaint through counsel on January

25, 2013.  Plaintiff alleged: gross negligence;  assault and battery; false arrest and imprisonment; violation of 42 U.S.C. §1983 for excessive force and violation of Webb's right to due process; supervisory liability against Urban, Mills and Williams; violation of 42 U.S.C. §1988 for conspiracy to deprive Plaintiff of his constitutional rights (the Magistrate Judge assigned this to a typographical error, assuming the Plaintiff meant a violation of 42 U.S.C. §1985); and intentional infliction of emotional distress.

The parties stipulated to the removal of the City of Flint, Mills, and Williams as defendants, and to Plaintiff's claims of assault and battery, and false imprisonment (Dkt. 71). Plaintiff's third attorney withdrew on September 11, 2014 (Dkt. 92). Both remaining Defendants filed motions for summary judgment in September 2014 (Dkt. 94, 95). On March 23, 2015 Magistrate Judge Majzoub filed her report and recommendation on the motions, recommending that the case against Urban be dismissed in its entirety, and for the case to proceed against Pillsbury on the excessive force claim only (Dkt. 100).

Plaintiff filed objections on March 31, 2015 objecting to granting Urban summary judgment on the claims of supervisor liability and gross negligence. In addition to what the Court construes as objections, Plaintiff also filed a response to Urban's motion for summary judgment on April 2, 2015 (Dkt. 103).  Plaintiff's response to Urban's summary judgment motion was six months late; it was not considered by the Magistrate Judge, and it will not be considered by this Court.

## III.   STANDARD OF REVIEW

Filings by *pro se* litigants are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although the document filed by Plaintiff does not comply with the requirements for objections to the Magistrate Judge's report, the Court construes it as

3

objections for purposes of review.  Objections to a Magistrate Judge's report and recommendation are reviewed *de novo*.

Summary judgment under F.R.C.P. 56(c) is appropriate when there "is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." The moving party has the burden to show that there is no genuine issue of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S.317, 323 (1986).   Once the moving party has established this, the burden shifts to the non-moving party to show that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## IV.    PLAINTIFF'S SUPERVISOR LIABILITY CLAIM

### i.    Introduction

Magistrate Judge Majzoub found that Urban should be granted summary judgment on Webb's supervisory liability claim under 42 U.S.C §1983.  The Magistrate Judge found that there was no issue of material fact; Urban could not be liable under a theory of supervisory liability because Urban was not present when the alleged excessive force occurred and there is no evidence that he implicitly authorized, approved, or knowingly acquiesced to the alleged excessive force.

Webb objected:

"Commanding officer at scene allowed one of his officers to use excessive force knowing Todd Pillsbury was already on trial for assault. Don Urban only went behind a shed for less than a couple of minutes when he wasn't in control of Todd Pillsbury using excessive force on plaintiff. Don Urban came back from around the shed and was told what Todd Pillsbury had done by [sic] plaintiff his remark was ["]that's just great now Im going to lose my job, house, family, etc.["] Don Urban's summary judgment fails on supervision because he also told plaintiff to sit down by a boat and not move then another unidentified officer had

trouble with a lock on a shed and asked for help and to walk over and help him[.] [P]laintiff told the officer what Urban said [sic] not to move the officer then gave plaintiff permission to move so Don Urban again did not supervise his men at all[.] Don Urban already knew plaintiff had excessive force used on him and Todd Pillsbury was on trial for another excessive force case these are the reasons for supervise [sic] liability." (Dkt. 102)

### ii.    Standard of Review

To make a claim under 42 U.S.C. §1983 for supervisory liability, a plaintiff must show that a supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it.  Minimally, a plaintiff must show that the official implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).  Supervisor liability will not be found where there is a "mere failure to act." *Salehpour v. University of Tennessee*, 159 F.3d 199 (6th Cir. 1998).

### iii.    Analysis

Plaintiff appears to argue that Urban's failure to control the actions of officers at the scene makes him liable as a supervisor. This argument is unavailing.  Urban contends, and Webb does not dispute, that he had no knowledge of the alleged excessive force until after the incident. Urban could not have implicitly "authorized, approved or knowingly acquiesced" to conduct he was unaware of. *Hays* supra.  There is no evidence indicating Urban condoned the assault. Urban's conduct is a "mere failure to act," and he cannot be held liable under a theory of supervisor liability. There is no issue of material fact and Urban is entitled to judgment as a matter of law.

## V.    PLAINTIFF'S GROSS NEGLIGENCE CLAIM

### i.    Introduction

The Magistrate Judge found that Urban was entitled to summary judgment on Webb's state claim of gross negligence. She found that Webb failed to set forth facts establishing a basis for a negligence claim that did not arise out of the alleged assaults by Urban and Pillsbury.  The Magistrate Judge found that this claim was precluded by the Michigan statute which grants governmental immunity for intentional torts (M.C.L. § 691.1407(2)). Importantly, there is a Michigan policy to resist transforming intentional torts into claims of gross negligence. (Dkt. 100 p. 6).

Webb objected:

"Gross negligence is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results[.] Don Urban's summary judgement [sic] fails on gross negligence because he knew plaintiff was already assaulted by Todd Pillsbury and then came around the shed again after one of his officer[s] told plaintiff to help with the lock[.] [P]laintiff was then shoved to the ground in handcuffs by Don Urban[.] [C]ase closed.  this defenitly [sic] [is] gross negligence[.]"

### ii.    Standard of Review

Under Michigan law, a government employee is immune from tort liability, except for claims rising out of gross negligence, if he acts within the scope of his employment. M.C.L. § 691.1407(2). Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  M.C.L. §691.1407(8)(a).  Michigan rejects attempts to transform intentional torts such as assault into claims of gross negligence.  *VanVorous v. Burmiester*, 262 Mich.App. 467, 483-484 (listing cases rejecting this transformation).

### iii.   Analysis

Webb says that Urban exhibited gross negligence when he shoved Webb.

However, Webb describes the encounter as intentional; Michigan courts hold that

"intentional offensive touching" is battery, and not gross negligence under state law.

*Smith v. Stolberg*, 231 Mich.App. 256, 259 (Mich. App. 1998). Urban is shielded from a

claim of battery by M.C.L. §691.1407(2). Urban is entitled to summary judgment on

Webb's claim of gross negligence.

## VI.   CONCLUSION

The Court **ADOPTS** the report and recommendation; **GRANTS** Defendant

Urban's Motion for Summary Judgment; and **GRANTS IN PART AND DENIES IN**

**PART** Defendant's Pillsbury's Motion for Summary Judgment.

Trial will proceed on Plaintiff's excessive force claim against Defendant Pillsbury.

**IT IS ORDERED**.


 S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 27, 2015

| |
|---|
| The undersigned certifies that a copy of this document was served on Blair Webb and the attorneys of record by electronic means or U.S. Mail on April 27, 2015.<br><br>s/Linda Vertriest<br>Deputy Clerk |