UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAIR C. WEBB,

        Plaintiff,        CASE NO: 11-12830
                                     HONORABLE VICTORIA A. ROBERTS

v.

TODD PILLSBURY

        Defendant.
_____/

## ORDER DISMISSING CASE BASED ON INSUFFICIENCY OF EVIDENCE

Blair C. Webb ("Webb") filed a *pro se* civil rights action under 42 U.S.C. §1983 alleging Defendant Todd Pillsbury with the Flint Area Narcotics Group ("FANG") used excessive force during an encounter at Webb's residence in July, 2008. Along the way, he had three different lawyers representing him. By the time of trial, Webb represented himself again.

Oral argument was heard on August 18, 2015 on motions *in limine*. Webb confirmed then that he intended to represent himself at trial and that he would testify. Webb asked the Court to provide him with typed instructions on what matters he could and could not provide testimony. The Court declined, but told Webb that in preparation, he should prepare questions and answers regarding the events that took place on July 29, 2008 as well as his damages.

During a phone conference with the Court on August 31, 2015, the Court reiterated that Webb would have to follow the question-and-answer approach. He told the Court he had not prepared questions and would have difficulty following that format.

1

The Court warned Webb that the procedure must be adhered to and that Webb would need to focus on what happened on July 29, 2008.  During the phone conference, Webb frequently entered into long tangents regarding his health, the state of his finances, his other pending cases, and theories of conspiracy.  The Court warned Webb that he faced dismissal of his case if he thought he could testify in narrative format.

On September 1, 2015, Prior to beginning trial, Webb confirmed that he would be his only witness.  Webb confirmed again, that he did not prepare questions for his testimony.

Before empaneling the jury, the Court asked Webb if he would be able to ask himself questions and provide answers.  Webb did not answer the question directly; instead, he responded by asking the Court if it was right that his evidence had been excluded.  He expressed doubt that he would be able to prove certain elements of his case.  Ultimately, Webb did not confirm that he would be able to abide with a question-and-answer format, but said "I will try."  He was warned again that he faced dismissal of his case.

The Court empaneled a jury.  In his opening statement, Webb described the events that happened when he encountered FANG.  However, when Webb took the stand, he was unable to ask himself questions.  He said that it was very hard to think of questions and then answer them.  Rather than begin with a question, he began to testify in narrative form.  Defense objected.  The Court instructed Webb to ask himself a question.  Webb was only able to do this once before beginning a narrative again.  Defense counsel objected.  Webb shook his head and said he could not continue; he said he was not a lawyer and did not know how to proceed.  The Court allowed Webb

additional time on the stand to formulate questions; he was unable to do so. Webb eventually left the stand.

The only testimony the jury heard was that Webb stood inside his garage when FANG arrived.

Given Webb's inability to stay on topic and his repeated statements on excluded evidence, the Court had determined a question-and-answer format was necessary to allow the defense an opportunity to object.

The Federal Rules of Evidence direct trial courts to "exercise reasonable control over the mode ... of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth." Fed.R.Evid. 611(a). This duty is the same for *pro se* litigants. *United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014). Like all other litigants, a person proceeding pro se must comply with substantive and procedural courtroom rules. *Id.* citing *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975) (noting that self-representation is not a license to ignore "relevant rules of procedural and substantive law.").

Webb proved himself unable to abide by the Court's trial management rules, and the evidence he presented was insufficient to send to a jury.

The case is **DISMISSED** with **PREJUDICE**.

**IT IS ORDERED**.

             S/Victoria A. Roberts
             Victoria A. Roberts
Dated: September 1, 2015     United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record and Blair C. Webb by electronic means or U.S. Mail on September 1, 2015.

S/Carol A. Pinegar
Deputy Clerk